UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DWAYNE HOBY FAULKNER, JR.,

    Petitioner,

v.                                        Case No. 4:24-cv-420-RH-MJF

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Dwayne Hoby Faulkner, Jr., proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 9. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 18. Faulkner opposes the motion. Doc. 20. The undersigned recommends that the District Court deny the State's motion, because Faulkner's petition is timely.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In Leon County Circuit Court Case No. 2012-CF-02653, Faulkner was convicted of three crimes: Theft Involving Property Valued at $20,000 to $100,000 (Count 3); Possession of Ammunition by a Convicted Felon (Count 4); and Theft Involving Property Valued at $300 to $5,000

(Count 7). Doc. 18-3, Ex. C. Faulkner was sentenced as a Habitual Felony Offender to a total term of 30 years of imprisonment. *Id*. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on December 30, 2019, without opinion. *Faulkner v. State*, No. 1D18-4198, 286 So. 3d 731 (Fla. 1st DCA 2019) (Table) (per curiam) (copy at Doc. 18-7, Ex. G). Faulkner did not move for rehearing or seek further direct review. Doc. 9 at 2.

On March 13, 2020, Faulkner filed a motion for reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Doc. 18 at 2. The state circuit court denied the motion on March 17, 2020. Doc. 18-8, Ex. H.

On January 20, 2021, Faulkner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 18-9, Ex. I. The state circuit court denied the motion. *Id*. The First DCA affirmed without opinion. *Faulkner v. State*, No. 1D2023-0663, 392 So. 3d 195 (Fla. 1st DCA Aug. 9, 2024) (Table) (per curiam) (copy at Doc. 18-13, Ex. M). The mandate issued September 9, 2024. Doc. 18-13.

Faulkner filed his initial federal habeas petition on October 11, 2024, which he amended on December 20, 2024. Docs. 1, 9. The amended petition raises the same five claims as the initial petition.

The State asserts that Faulkner's petition must be dismissed because it was filed beyond the one-year statute of limitations in 28 U.S.C. § 2244. Doc. 18. The State's argument, however, is based on an erroneous determination of (1) the date the First DCA affirmed Faulkner's judgment; (2) the date Faulkner's judgment became final; and (3) the date Faulkner's initial § 2254 petition was filed.

## II.   DISCUSSION

### A.   The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Faulkner's § 2254 petition, because the petition was filed after AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Faulkner does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Faulkner's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

B.   <u>Faulkner's Petition Is Timely</u>

Faulkner did not seek further direct review of his judgment in the Supreme Court of the United States. Accordingly, Faulkner's judgment became "final" for purposes of 2244(d)(1)(A), when the time for pursuing direct review in the Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Typically, the time for filing a certiorari petition in the Supreme Court expires 90 days after entry of the judgment or order sought to be reviewed. *See* U.S. Sup. Ct. R. 13.1, 13.3. Early during the COVID-19 pandemic, however, the Supreme Court temporarily extended the time for filing a certiorari petition to 150 days. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("Miscellaneous Order"). That Miscellaneous Order provided, in relevant part:

> [T]he deadline to file any petition for a writ of certiorari *due on or after the date of this order* is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. See Rules 13.1 and 13.3.

334 F.R.D. 801 (emphasis added). That Miscellaneous Order was in effect from March 19, 2020, until July 19, 2021. *See* Miscellaneous Order

Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021). In the July 19, 2021 rescinding order, the Supreme Court clarified:

> [I]n any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing *was issued prior to July 19, 2021*, the deadline to file a petition for a writ of certiorari *remains extended to 150 days from the date of that judgment or order*.

338 F.R.D. 801 (emphasis added)

The 150-day filing deadline applied to Faulkner. The First DCA affirmed Faulkner's judgment on December 30, 2019; thus, under the 90-day rule, a certiorari petition would have been due March 30, 2020. Applying the extended certiorari deadline, Faulkner's conviction became "final" for purposes of § 2244(d)(1)(A), on May 28, 2020, which is 150 days after entry of the First DCA's opinion affirming the judgment.

The federal habeas limitations period began to run one day later on May 29, 2020, and expired one year later on May 29, 2021, absent statutory tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Faulkner's Rule 3.800(c) motion was filed and resolved in March 2020, before the federal limitations period began to run. Faulkner allowed 236 days of the limitations period to run before filing his Rule

3.850 motion on January 20, 2021. As a result of the filing of that motion, the limitations period was statutorily tolled from January 20, 2021 (the date the motion was filed) until September 9, 2024 (the date the mandate issued in Faulkner's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The limitations period began to run one day later, on September 10, 2024, and ran for 31 days until Faulkner filed his initial § 2254 petition on October 11, 2024. Because a total of only 267 days of AEDPA's one-year limitations period ran, Faulkner's § 2254 petition is timely.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Respondent's motion to dismiss, Doc. 18.

At Panama City, Florida, this <u>16th</u> day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C);**

**Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**